# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**TERRY L. TEETOR,**

    **Plaintiff,**

**v.**                                                                             **No. 98cv0311 LH/JHG**

**KENNETH S. APFEL,**
**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff's (Teetor's) Motion to Reverse or Remand the Agency Decision, filed December 29, 1998. The Commissioner of Social Security issued a final decision denying Teetor's application for supplemental security income. The United States Magistrate Judge, having considered the arguments, pleadings, administrative record, relevant law, and being otherwise fully informed, finds the motion is well-taken and recommends that it be GRANTED.

Teetor, now forty-nine years old, filed his application for supplemental security income on June 6, 1996, alleging a disability which commenced October 1, 1993, due to chronic obstructive pulmonary disease, inflamation of the esophagus, gastritis, hiatal hernia, depression, and alcoholism. He has a high school education and two years of college, with past relevant work experience as a corrections officer, nurses' aide, and security guard. The Commissioner denied Teetor's application for supplemental security income both initially and on reconsideration. After conducting an administrative hearing, the Commissioner's Administrative Law Judge (ALJ) found Teetor had the residual functional capacity for at least sedentary work. Relying on the grids, the ALJ found he was not disabled within the meaning of the Social Security Act. The Appeals Council denied Teetor's

request for review of the ALJ's decision. Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes. Teetor seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §405(g).

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920.

At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.*

In support of his motion to reverse or remand the administrative decision, Teetor argues the ALJ erred in finding his depression was not severe, failed to consider his mental and physical impairments in combination, failed to meet his burden at step five by relying solely on the grids, and improperly relied on his enrollment in a training program as evidence he can work.

The ALJ concluded Teetor did not have a severe mental impairment at step two. Administrative Record (AR) 11. This determination is not supported by substantial evidence. The record establishes Teetor underwent treatment for depression over a prolonged period. From November, 1995, through at least May, 1997, Teetor was receiving mental health counseling at the Veterans' Administration. AR 89, 101, 105, 112, 117, 121, 128, 161, 170-71. Dr. Rol, a treating psychiatrist, prescribed antidepressants. AR 89, 170-71. Dr. Fredman, a consultative physician, diagnosed Teetor with major depressive disorder and rated him at a 60 on the Global Assessment of Functioning (GAF) scale. AR 78. In light of this record, the ALJ's determination that Teetor did not suffer from a severe mental impairment is not supported by substantial evidence. On remand, the ALJ should complete the sequential evaluation analysis, especially his assessment of Teetor's residual functional capacity, in light of his severe, non-exertional mental impairment.

The United States Magistrate Judge also notes the ALJ failed to properly complete the Psychiatric Review Technique Form (PRT form). When there is evidence of a mental impairment which allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments as set out in 20 C.F.R. § 404.1520a. *Cruse v. U.S. Dept. of Human*
3

*Services*, 49 F.3d 614, 617 (10th Cir. 1995). At the administrative hearing level, the ALJ may complete the PRT form with or without the assistance of a medical advisor. 20 C.F.R. § 404.1520a(d)(1). However, the standard form must be appended to the decision. 20 C.F.R. § 404.1520a(d)(2). In this case, while the ALJ appended a PRT form to the decision, it was not completed in accord with all the evidence of record. Moreover, the ALJ failed to discuss in his opinion the evidence he considered in reaching the conclusions expressed on the form as required by *Cruse*. On remand, the ALJ should complete the PRT form to reflect all the evidence of record and discuss in his opinion the evidence he considered in reaching the conclusions expressed on the form.

Teetor argues the ALJ failed to assess his impairments in combination. The Commissioner must consider the combined effects of impairments which may not be severe individually, but which in combination may constitute a severe medical disability. *Hargis v. Sullivan*, 945 F.2d 1482, 1491 (10th Cir. 1991). On remand, the ALJ should fully consider the combined effects of Teetor's impairments.

Teetor next argues the ALJ erred by relying on the grids at step five. At step five, the burden of proof shifts to the Commissioner to show that the claimant retains the residual functional capacity to do work which exists in the national economy. *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). In certain cases, at the fifth step, the ALJ may rely solely on the grids.

The grids reflect the existence of jobs in the national economy at various residual functional levels by incorporating administrative notice of occupational publications and studies. 20 C.F.R. §§404.1566(d); 416.969a . The grids aid the Commissioner in determining what specific jobs exist in the national economy for the claimant. To apply the grids, the ALJ must make findings of fact as to age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1545, 404.1563-

.1565; 416.969a. These findings of fact are plugged into the grids to produce a factual conclusion of disability. 20 C.F.R. §§ 404.1569; 416.969a.

The grids assume that a claimant's sole limitation is lack of strength, also known as an exertional impairment. 20 C.F.R. Part 404, Subpt. P, App. 2, §200.00 (e)(2). In a case such as this, where a claimant presents evidence of both exertional and non-exertional impairments, the ALJ must make findings on how much a claimant's work ability is further diminished by the non-exertional limitations. *Id.* If the non-exertional limitations are significant enough to further reduce work capacity, the ALJ may not rely solely on the grids but must instead give full consideration to all relevant facts, including expert vocational testimony if necessary, in order to determine whether a claimant is disabled. *Channel v. Heckler*, 747 F.2d 577, 583 (10th Cir. 1984).

In other words, the grids cannot be used conclusively when a non-exertional impairment limits a claimant's ability to perform the full range of work in a particular residual functional capacity category. *Talbot v. Heckler*, 814 F.2d 1456, 1460 (10th Cir. 1987). When non-exertional limitations are present, the grids can only be used as a framework for considering the extent to which such limitations further diminish the claimant's ability to work by reducing the types of jobs that the claimant would otherwise be able to perform. *Talbot*, 814 F.2d at 1460; 20 C.F.R. Pt. 404, Subpt. P., App. 2, § 200.00 (e)(2). In assessing the extent to which a claimant's ability to work is eroded by his non-exertional impairments, the ALJ will normally need to obtain the testimony of a vocational expert. *Hargis v. Sullivan*, 945 F.2d 1482, 1491 (10th Cir. 1991).

In this case, the ALJ found Teetor retained the residual functional capacity for at least sedentary work. This determination is not supported by substantial evidence. The record clearly establishes Teetor has a major depressive disorder which limits his ability to work. AR 78, 89, 170-

71. Accordingly, it was not proper for the ALJ to rely solely on the grids at step five. Therefore, the case must be remanded in order to obtain vocational expert testimony at step five.

Finally, Teetor contends the ALJ erred in relying on his enrollment in a training program for medical technicians. The ALJ may consider anecdotal evidence, along with the medical evidence, to determine whether a claimant is disabled. *Talbot v. Heckler*, 814 F.2d 1456, 1462 (10th Cir. 1987). In this case, the ALJ considered Teetor's enrollment in the training program. AR 13. It is not clear from the decision whether the ALJ relied on this factor to deny benefits. On remand, the ALJ may consider Teetor's enrollment in the program, along with the rest of the evidence. However, he may not rely on it to deny benefits.

## RECOMMENDED DISPOSITION

The ALJ did not apply correct legal standards and his decision is not supported by substantial evidence. Teetor's Motion to Reverse and Remand Administrative Decision, filed December 29, 1998, should be granted. This case should be remanded to the Commissioner in order to allow the ALJ to complete the sequential evaluation analysis considering his severe mental impairment, for completion of the PRT form to reflect all the evidence of record, for discussion of evidence considered in reaching the conclusions expressed on the PRT form, to obtain vocational expert testimony at step five, and for proper consideration of all the evidence of record.

JOE H. GALVAN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.